UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON DEJULE,

    Plaintiff,

CASE NO. 1:23-CV-969

v.

HON. ROBERT J. JONKER

MILLERKNOLL, INC.

    Defendant.

_____/

## ORDER

Plaintiff DeJule says he invented and patented a self-adjusting tilt mechanism for a chair. He says MillerKnoll is marketing and selling a chair that infringes four of his patents. He also says MillerKnoll's marketing of its own chair is a breach of a Mutual Confidentiality Agreement under which he initially shared some of his inventive ideas with MillerKnoll based on the company's promise not to use the information for any purpose other than evaluating the ideas plaintiff was presenting. MillerKnoll denies infringement and challenges the validity of the patents. It also denies any liability under the Mutual Confidentiality Agreement and claims its chair incorporates technology independently developed and patented in Germany by an industrial design firm there. The matter is before the Court on MillerKnoll's Motion to Stay this action pending possible *inter partes* review of at least two of the four patents currently at issue. Plaintiff opposes a stay.

A litigation stay pending re-issue or re-examination proceedings before the PTAB, whether *ex parte* or *inter partes*, is always within the discretion of the Court. *Viskase Corp. v. Am. Nat'l Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001) (citing *Patlex Corp. v. Mossinghoff*, 758 F.2d 594 (Fed. Cir. 1985)). The parties appear to agree on that much though they disagree on exactly what standard the Court should use in applying its discretion. MillerKnoll relies on a three-factor

balancing test this and other courts regularly apply in assessing whether a stay is appropriate when some kind of re-issue or re-examination is already underway. (ECF No. 27, PageID.385-386). This standard assesses the stage of the litigation, the risk of prejudice to the party opposing the stay and whether the stay will simplify issues in the case. (*Id*.). Plaintiff DeJule says that is the wrong standard here and that the normal Sixth Circuit standard using familiar preliminary injunction factors should apply. (ECF No. 40, PageID.564-565). Ultimately, the Court does not believe the chosen standard is outcome determinative on the motion. Because the Court concludes that a litigation stay is not warranted on this record, the Court will use the standard MillerKnoll proposes to address the issues.

It is certainly true, as MillerKnoll argues, that this litigation is in its early stages, which ordinarily weighs in favor of a stay. Here, however, the Court is not persuaded that the factor is particularly compelling. Even though the case is relatively new, there is a First CMO on file that will lead to a Markman hearing in June of this year and an anticipated Claims Construction Order before the next Rule 16 conference set for October. (ECF No. 30). In contrast, the PTAB has not yet granted *any* re-examination on *any* of the four patents at issue and may never do so. MillerKnoll has asked for *inter partes* re-examination on only two of the patents so far, and the PTAB is not obligated to make its decision on a grant until March of this year. MillerKnoll cannot even seek *inter partes* review on the other two patents before June of this year, and has opted not to seek other possible forms of post-grant review that may currently be available. Moreover, plaintiff says he anticipates issuance of a related fifth patent early this year, and if that happens, any potential *inter partes* review related to it would necessarily be much farther down the road. Especially when no review process is currently underway, this factor is at best neutral and actually weighs somewhat against a litigation stay.

If the PTAB ultimately grants the pending requests for *inter partes* review of two of the patents at issue, it is certainly possible the end result of the process could simplify things in the litigation. Most obviously, if the PTAB invalidates the claims in both patents, it will make the patent decisions much easier for this Court. And that result might also have meaningful impact on valuation of the case because the two patents subject to the re-examination request have the earliest issue dates and are therefore the likely driver of damages models on the patent claims. But again there are significant counterveiling considerations. First, there is no guarantee PTAB will grant the request, and even if it does there are all kinds of possible outcomes short of complete invalidation of every claim. Second, as already noted, the current request for re-examination covers only two of the four patents at issue, to say nothing of a possible fifth patent that may issue shortly. Either additional re-examination proceedings and substantial delay will be needed to address these other patent claims, or this Court will have to resolve them, so potential simplicity gains are limited. Third, and most importantly in the Court's view, the patent claims are not the only significant issues in the case. Plaintiff's contract claim is a theory of relief independent of the patent claims, and if plaintiff can prove his claim that MillerKnoll effectively misappropriated his inventive ideas the contract claim could have significant value. Possible PTAB proceedings cannot address or simplify the contract issues.

This last point segues to the third consideration of prejudice to the party opposing the stay. The Court finds that plaintiff would suffer significant unfair prejudice if forced to put all of his claims—including the contract claim—on ice for a PTAB process that may or may not actually occur, and that cannot in any case address the contract issues. On the contract claim, in particular, memories of key witnesses will be significant, and those memories are not likely to improve with time. Moreover, even on the patent issues, and even if the PTAB ultimately decides to engage with re-examination on all four—and potentially five—patents at issue, the process will be

3

staggered and lengthy, further prejudicing the ability of the patent holder to seek a prompt determination of his claims here in Court. MillerKnoll will, of course, be able to argue all of its invalidity issues here in Court regardless of the outcome of any PTAB re-examination. True, some different standards and presumptions may apply, but that does not amount to unfair prejudice to MillerKnoll. It is simply what patent law provides.

The Court has considered the other factors argued by the parties in their briefing and does not find that any of them, alone or in combination, outweigh the balance of the three factors addressed here. And in the Court's view, that balance weighs decidedly against a stay at this time. Accordingly, the Motion to Stay (ECF No. 26) is **DENIED**.

**IT IS SO ORDERED.**

Dated:  February 2, 2024              /s/ Robert J. Jonker
                                                   ROBERT J. JONKER
                                                   UNITED STATES DISTRICT JUDGE